IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE KNIGHT,

    Plaintiff,                        No. CIV S-00-2097 DFL GGH P

    vs.

P. PRUDHOMME, et al.,

    Defendants.                  FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for trial on July 11, 2005. Pending before the court is plaintiff's May 4, 2005, motion for injunctive relief. After carefully reviewing the record, the court recommends that the motion be denied.

        In his motion, plaintiff requests that he not be housed at California State Prison-Sacramento (CSP-Sac) during his trial because that is the prison where defendants are located. Plaintiff is presently incarcerated at Salinas Valley State Prison. Plaintiff speculates that defendants will improperly order him housed in administrative segregation (ad seg) if he is sent to CSP-Sac. Plaintiff also speculates that defendants may deprive him of pain medication, his medical pillow and orthopedic mattress if he is housed at CSP-Sac. Plaintiff also speculates that defendants will not permit him to shave and groom during his trial.

1       The legal principles applicable to a request for preliminary injunctive relief are
2 well established.  To prevail in this circuit, the moving party must satisfy one of two tests.  Under
3 the first test, movant must show 1) there will be irreparable damage suffered if injunctive relief is
4 not granted; 2) movant will probably prevail on the merits; 3) when equities are balanced, non-
5 movant will not suffer more harm than movant is helped by the injunction;  and 4) granting the
6 injunction is in the public interest.  Martin v. International Olympic Committee, 740 F.2d 670,
7 674-5 (9th Cir.1984).  In the alternative, a preliminary injunction can be issued if the moving
8 party can show either a combination of probability of success on the merits and the possibility of
9 irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in
10 the movant's favor.  Id. at p. 675.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692,
11 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th
12 Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point
13 being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any
14 formulation of the test, plaintiff must demonstrate that there exists a significant threat of
15 irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
16 court need not reach the issue of likelihood of success on the merits.  Id.

17       In the last part of the alternative test, even should the balance of hardships tip
18 decidedly in the movant's favor, the moving party must show "as an irreducible minimum that
19 there is a fair chance of success on the merits."  Martin v. International Olympic Committee, 740
20 F.2d at 675.

21       In cases brought by prisoners involving conditions of confinement, any
22 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
23 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
24 correct the harm."  18 U.S.C. § 3626(a)(2).

25       Speculative injury does not constitute irreparable harm.  See Caribbean Marine
26 Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior

1  Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown,

2  although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research,

3  Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert.

4  denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

5        Plaintiff's concerns regarding improper conduct by defendants if he is housed at

6  CSP-Sac during trial are speculative.  For that reason, the court finds that plaintiff's motion for

7  injunctive relief should be denied.  If plaintiff is subject to the conditions described above during

8  his trial, he may bring the matter to the attention of Judge Levi.

9        IT IS HEREBY RECOMMENDED that plaintiff's May 4, 2005, motion for a

10  preliminary injunction be denied.

11        These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within ten days after service of the objections.  The parties are advised

17  that failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED:  6/9/05

                  /s/ Gregory G. Hollows

                  GREGORY G. HOLLOWS
                  UNITED STATES MAGISTRATE JUDGE

ggh:kj
kn2097.pi