IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE KNIGHT,

    Plaintiff,                          No. CIV S-00-2097 DFL GGH P

    vs.

P. PRUDHOMME, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On August 5, 2005, plaintiff filed a motion with the court stating that prison officials at Salinas Valley State Prison (SVSP) confiscated his legal property after he was placed in administrative segregation (ad seg) on June 14, 2005. Plaintiff stated that on June 16, 2005, prison officials told plaintiff that he could have two cubic feet of legal materials in his cell. Plaintiff claimed that when prison officials presented him with his legal property so that he could decide which property to have in his cell, he noticed that his and defendants' trial exhibits were missing. Plaintiff also alleged that he is being denied access to writing paper, pens and his address book.

        No defendants are located at SVSP. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. <u>Zenith Radio Corp. v. Hazeltine Research,</u>

1

Inc., 395 U.S. 100 (1969). However, the fact one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

Because the court was concerned that it could lose jurisdiction if plaintiff was unable to prosecute this action because he did not have access to his legal property, on August 16, 2005, the court ordered the SVSP Warden to inform the court within ten days regarding this matter. On August 22, 2005, SVSP Warden Evans filed a letter with the court. Warden Evans states that on June 14, 2005, plaintiff was placed in ad seg. On June 15, 2005, the Investigative Services Unit (ISU) confiscated two boxes of letters, cards and some legal materials. Metal weapons stock was found inside of a greeting card contained in one of these boxes.

On June 16, 2005, Correctional Officer McAnnelly attempted to issue to plaintiff his allowable property minus the two boxes that had been retained by ISU. Plaintiff refused to accept the property, stating that some items were missing. On June 17, 2005, Correctional Officer McAnnelly received the two boxes of plaintiff's property that had been retained by ISU and attempted to again issue the allowable property to plaintiff. Plaintiff again refused his property.

On August 17, 2005, plaintiff was provided with a third opportunity to receive his property. Plaintiff took possession of four legal books and two cubic feet of legal paperwork. Plaintiff claimed that he found only a portion of his legal work inside his property.

On August 29, 2005, plaintiff filed objections to defendants' trial exhibits. On September 6, 2005, plaintiff filed a trial brief. On September 9, 2005, plaintiff filed a motion in

1 limine. Based on the letter from Warden Evans and these filings, it appears that plaintiff has
2 adequate access to his legal property. Accordingly, plaintiff's August 5, 2005, motion requesting
3 access to his legal property is denied.
4    Accordingly, IT IS HEREBY ORDERED that plaintiff's August 5, 2005, motion
5 for access to his legal property is denied.
6 DATED: 9/19/05

                /s/ Gregory G. Hollows

                GREGORY G. HOLLOWS
                UNITED STATES MAGISTRATE JUDGE

GGH:kj
kn2097.or(alw)

3